UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO.: 5:16-cv-854

| | |
|---|---|
| Disability Rights North Carolina, <br> North Carolina's Protection and <br> Advocacy System, <br><br> *Plaintiff,* <br><br> v. <br><br> Richard Brajer, Secretary of the North Carolina <br> Department of Health and Human Services, <br> in his official capacity, <br><br> *Defendant.* | ORDER |

For good cause shown, and in consideration of the Parties' Joint Motion to Dismiss without Prejudice and Retain Jurisdiction, the Court hereby GRANTS the Joint Motion and conditionally dismisses the above-titled action pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court specifically retains jurisdiction to enforce the Settlement Agreement, which was filed with the Court as Exhibit A to the Parties' Joint Motion, in accordance with its terms for the duration of the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (recognizing that a federal district court may retain jurisdiction to enforce a "dismissal-producing settlement agreement" in its order); *Columbus-American Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000) (finding that dismissal order stating that "[t]he Court retains jurisdiction to enforce the settlement of the parties" granted the district court jurisdiction to enforce a settlement agreement). Defendant specifically does not waive its right to file an Answer and assert any affirmative defenses that may be available to it in the event

that the Settlement Agreement becomes null and void and Plaintiff Disability Rights North Carolina elects to revive any claims otherwise barred by operation of the Settlement Agreement.

SO ORDERED this 9th day of November, 2016.

_____
United States District Judge