**UNITED STATES DISTRICT COURT**

**THE EASTERN DISTRICT OF NORTH CAROLINA**

**WESTERN DIVISION**

| | |
|---|---|
| Disability Rights North Carolina, <br> North Carolina's Protection and <br> Advocacy System, <br><br> *Plaintiff,* <br><br> v. <br><br> Mandy Cohen, Secretary of North Carolina <br> Department of Health and Human Services, <br> in her official capacity; <br><br> *Defendant.* | CIVIL CASE NO.: 5:16-cv-854 |

## ORDER ON JOINT MOTION TO ENTER MODIFICATION OF SETTLEMENT AGREEMENT AND EXTEND JURISDICTION

For good cause shown, and in consideration of the Parties' Joint Motion to Enter Modification of Settlement Agreement and Extend Jurisdiction, the Court hereby GRANTS the Joint Motion. The Court specifically retains jurisdiction to enforce the Settlement Agreement, which was filed with the Court as Exhibit A to the Parties' Joint Motion, in accordance with its terms for the duration of the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (recognizing that a federal district court may retain jurisdiction to enforce a "dismissal-producing settlement agreement" in its order); *Columbus-American Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000) (finding that dismissal order stating that "[t]he Court retains jurisdiction to enforce the settlement of the parties" granted the district court jurisdiction to enforce a settlement agreement). Defendant specifically does not waive its right to file an Answer and assert any affirmative defenses that may be available to it in the event

that the Settlement Agreement becomes null and void and Plaintiff Disability Rights North Carolina elects to revive any claims otherwise barred by operation of the Settlement Agreement.

SO ORDERED, this 7th day of   June  , 2018

*/s/ Louis W. Flanagan*
United States District Judge